## Lebar et al. v. Patterson

*F. J. Mervine,* for plaintiff; *Erdman & Williams,* for defendants.

SHULL, P. J., June 27, 1934.—This matter is before the court on a motion and rule for judgment for want of a sufficient affidavit of defense. Two questions are involved: First, whether the amicable revivals of this judgment to no. 74, September term, 1928, and to no. 248, September term, 1933, against the alienees and terre-tenants alone is a bar to a revival at this time against the defendant, Florence Smith Patterson; and second, whether there was a novation releasing this defendant and consequently preventing any present revival of this judgment against her.

We cannot agree with the defendant's first contention, that the revivals against the alienees and the terre-tenants alone is a bar to a subsequent revival against the original defendant: Little v. Smyser, 10 Pa. 381.

As to the second contention, we feel that this raises a sufficient defense. The evidence is that the deed from Florence Smith Patterson to Augustus Delvalle and Mae F. Delvalle dated March 31, 1923, and recorded in deed book 89, at page 23, contains the following clause: "Under and subject to the payment by the parties of the second part and heirs and assigns, the following encumbrances on the above described property, to wit: judgment: Maggie B. Heller assigned to Lila M. Storm v. Florence Smith Patterson, dated November 22, 1920, and entered in the Court of Common Pleas of Monroe County, Pennsylvania, as of No. 143 September Term, 1920, the amount due on said judgment is one thousand five hundred dollars ($1,500) with interest from April the first 1923".

This agreement is valid and binding, so far as the defendant in the judgment and the alienees and terre-tenants are concerned, but would in no way bind the plaintiff in this judgment unless he consented to the substitution of the vendee as the judgment debtor. Consequently the question governing this situation is whether or not this judgment creditor clearly and unequivocally agreed to a substitution of the judgment debtor, and it seems to us that an agreement by the plaintiff to accept the Delvalles as substituted debtors is clearly manifested by the revivals of this judgment.

496

In the revival to no. 74, September term, 1928, which was by amicable sci. fa., the following appears: "and, it is further agreed that judgment be forthwith rendered and entered in said action in favor of said plaintiff against said defendant and against Augustus Delvalle and Mae F. Delvalle, his wife, for the sum of fifteen hundred ($1,500) dollars with interest from October 1, 1928, in respect to the lands bound by said judgment and lands of the said Augustus Delvalle and Mae Delvalle, they having assumed payment of said judgment".

And again, in the revival of this judgment to no. 248, September term, 1933, by amicable sci. fa., the following appears: "It is hereby agreed that an amicable action of scire facias as above stated be entered upon the records of said court by the Prothonotary thereof as of September term, 1933, by the above named Lila M. Storm as plaintiff and the above named Augustus Devalle and Mae F. Delvalle, his wife, as defendants, and the above named............... as terre-tenants, with the same effect in all things as if a writ of Scire Facias had been duly issued".

There were agreements between the plaintiff in this judgment and the Devalles to which Florence Smith Patterson was in no way a party. But clearly the last revival shows an intention by agreement that the plaintiff accept as defendants in the judgment, Augustus Delvalle and Mae F. Delvalle. There was no necessity of inserting this provision in the amicable sci. fa. unless it were for the very purpose stated—to make the Delvalles the defendants. Had it been the intention to treat them merely as terre-tenants, the mere mention of them as such would have continued the lien of this judgment against the premises. And the fact that their names were not inserted in the place immediately preceding the blank space for terre-tenants is to the mind of the court a confirmation of this intention.

Consequently, we are of the opinion that this affidavit of defense sets forth a good defense if proven, and for that reason, the rule for judgment for want of affidavit of defense should be discharged.

And now, June 27, 1934, the rule for judgment for want of a sufficient affidavit of defense is discharged. From C. C. Shull, Stroudsburg, Pa.